**STATE of Missouri, Respondent,**

v.

**Kim Patrick WOMACK, Appellant.**

No. 68420.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1996.

Edward J. Grewach, Troy, for Appellant.

Dennis R. Chassaniol, II, Asst. Pros. Atty. of St. Charles, St. Charles, for Respondent.

KAROHL, Judge.

Kim Patrick Womack (Womack) appeals after sentence on charge for careless and imprudent driving in violation of § 304.010 RSMo Cum.Supp.1993. In a court-tried case the trial court sentenced him to one year imprisonment in the St. Charles County Detention Center. We affirm.

This case arises from an automobile accident that occurred on May 27, 1994, at 3:10 p.m. on Highway 79, a two-lane highway in St. Charles County, Missouri. Karen Lee (Lee) was driving alone northbound on Highway 79. Womack was driving southbound on Highway 79. His wife, their three minor children, his sister-in-law and her boyfriend were passengers in his car.

There were five people in a Cadillac travelling in front of Womack. Womack pulled out of his lane, crossed over into the northbound lane in order to pass the Cadillac. During the passing, Womack collided head-on with Lee's car. Lee, Womack and his wife were seriously injured as a result of the accident.

1. The driver of the Cadillac did not testify.

Womack was charged with "OPER-AT[ING] MOTOR VEHICLE IN A CARE-LESS AND IMPRUDENT MANNER BY PASSING VEHICLE AND INTERFERED (sic) WITH APPROACHING TRAFFIC" a violation of § 304.010 Cum.Supp. RSMo 1993. Lee and the four passengers in the Cadillac [1] testified for the state. Womack testified he had sufficient time to pass the Cadillac but the driver sped up, thus, making the collision with Lee's car inevitable.

Womack raises two points. First, he contends insufficient evidence to support a conviction for careless and imprudent driving. Second, the court erred in admitting a diagram of the accident scene.

In determining the sufficiency of the evidence, we accept as true all evidence and inferences in the light most favorable to the state and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Credibility of witnesses is a matter left to the sound discretion of the court in a bench-tried case. *See State v. Burns*, 795 S.W.2d 527 (Mo.App. 1990).

Section 304.010 RSMo Cum.Supp.1993 reads:

1. Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

Any person who violates this statute is guilty of a misdemeanor. Section 304.010 RSMo Cum.Supp.1993.

In addressing Womack's first point, we find the state proved beyond a reasonable doubt all the elements of the offense. Womack admitted to driving the car at the time of the accident. One of the passengers in the Cadillac testified they were traveling "[t]he speed limit, 55 mile[s] an hour. [The] car was in cruise control." This evidence supports a finding the driver of the Cadillac was driving the speed limit and Womack had to exceed the speed limit to pass. The element of failure to exercise the highest degree of

care when passing the Cadillac may be inferred from the collision after considering Lee's testimony. She testified she remembered seeing a car coming towards her. The time it took her to see Womack's car was a "flash". Also, the four passengers in the Cadillac testified that Womack's car "appeared alongside them" then immediately collided with Lee's car. There was evidence of careless driving and endangerment. We find there is substantial evidence to support the conviction.

Womack challenges the admission of state's exhibit 10, a diagram of the accident scene. He argues an insufficient foundation was laid for the admission of the diagram because it was offered to prove opinion of causation and the trooper who drew the diagram was not qualified to give an expert opinion on accident reconstruction.

■ Admission of a diagram or drawing into evidence lies within the broad discretion of the trial court. *State v. Isa*, 850 S.W.2d 876, 891 (Mo. banc 1993). We will reverse the decision if there is an abuse of discretion. *Id.*

■ The trooper testified he had been employed with the Missouri State Highway Patrol for 24 years. He received information regarding the accident and arrived at the scene after the ambulances, fire department, police department and other emergency vehicles had already arrived. The trooper admitted drawing a diagram based on information he gathered. He then identified the diagram and used it to reconstruct the accident. He testified to the final resting point of the vehicles, obtained measurements, observed skid marks, and selected a point of impact. Defense counsel continually objected to the trooper's testimony and the admission of the diagram on the grounds of insufficient foundation and hearsay. All objections were overruled.

There is insufficient evidence the trooper was qualified as an expert in accident reconstruction. The record is devoid of his qualifications in accident reconstruction. He was not a witness to the accident nor did he interview the drivers or passengers at the accident scene. He testified he used the statements of the drivers which were taken by another officer to draw the diagram. The diagram, as well as the trooper's testimony, was largely based on inadmissible hearsay.

■ A conviction will not be reversed because of improper admission of an exhibit unless the defendant demonstrates prejudice. *See State v. Leisure*, 796 S.W.2d 875, 879 (Mo. banc 1990); *State v. Gibson*, 502 S.W.2d 310, 314 (Mo.1973). A defendant has the burden of showing both the error and resulting prejudice before reversal is granted. *Leisure*, 796 S.W.2d at 879. The diagram was incidental to the state's evidence in support of the elements of the charge. We find Womack failed to demonstrate prejudice.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.